J-S12010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AQUIL TILLMAN | |
| Appellant | No. 1378 EDA 2015 |

Appeal from the PCRA Order April 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0403711-1997

BEFORE:  MUNDY, J., OLSON, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY MUNDY, J.:           **FILED JANUARY 22, 2016**

Appellant, Aquil Tillman, appeals *pro se* from the April 27, 2015 order dismissing, as untimely, his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On August 10, 1999, the trial court imposed an aggregate sentence of life imprisonment without the possibility of parole, after Appellant was found guilty of one count each of first-degree murder, aggravated assault, robbery, criminal conspiracy, and possession of an instrument of a crime.[1]  This Court affirmed Appellant's judgment of sentence on April 16, 2001, and our

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), 2702(a), 3701(a), 903(a), and 907(a), respectively.

Supreme Court denied Appellant's petition for allowance of appeal on September 25, 2001. ***Commonwealth v. Tillman***, 778 A.2d 739 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 790 A.2d 1016 (Pa. 2001). As Appellant did not seek a writ of *certiorari* from the United States Supreme Court, his judgment of sentence became final on December 24, 2001 when the period for filing a *certiorari* petition expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); U.S. Sup. Ct. R. 13(1) (stating, "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review[]").[2] Appellant filed the instant petition on June 23, 2010; as a result, it was facially untimely. ***See generally*** 42 Pa.C.S.A. § 9545(b)(1).

Instantly, Appellant argues that his petition is timely under the new constitutional right exception because the United States Supreme Court's

_____

[2] We note Appellant filed his first PCRA petition on June 11, 2003. The PCRA court dismissed said petition on January 7, 2005. This Court affirmed on September 16, 2005, and Appellant did not file a petition for allowance of appeal with our Supreme Court. ***Commonwealth v. Tillman***, 888 A.2d 12 (Pa. Super. 2005) (unpublished memorandum).

decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), should be retroactively applied. Appellant's Brief at 8-11. However, our Supreme Court has rejected this argument.[3] *Commonwealth v. Cunningham*, 81 A.3d 1, 11 (Pa. 2013), *cert. denied*, *Cunningham v. Pennsylvania*, 134 S. Ct. 2724 (2014). To the extent Appellant's brief can be read to argue that this Court should give broader retroactive effect to *Miller* under *Danforth v. Minnesota*, 552 U.S. 264 (2008), this Court lacks the judicial power to decide that question for the purposes of the PCRA time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii) (allowing a time-bar exception for "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania … and has been held **by that court** to apply retroactively[]") (emphasis added).

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition as untimely. Accordingly, the PCRA court's April 27, 2015 order is affirmed.

Order affirmed.

---

[3] On March 23, 2015, the Supreme Court granted *certiorari* in *Montgomery v. Louisiana*, 135 S. Ct. 1546 (2015), which presents the *Miller* retroactivity question. Nonetheless, until the United States Supreme Court issues its decision, *Cunningham* remains dispositive of the issue in Pennsylvania.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/22/2016</u>